IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Heliodoro Vela-Cavazos, | ) | C/A No. 0:16-3566-TMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| A. Mansukhani, *Warden FCI-Estill*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Heliodoro Vela-Cavazos, a self-represented federal inmate confined at Federal Correctional Institution Estill, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed for lack of jurisdiction.

**I.    Factual and Procedural Background**

Petitioner indicates he pled guilty to illegal reentry in the United States District Court for the Southern District of Texas on December 23, 2014, and was sentenced to fifty-seven months' imprisonment. (ECF No. 1-1 at 1-2.) He claims his sentence was enhanced under United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii), which refers to 18 U.S.C. § 16(b)'s definition of "crime of violence," because his previous state conviction for burglary was considered a "crime of violence." (Id. at 2, 6.) Petitioner now argues § 16(b)'s "crime of violence" definition is unconstitutionally vague because of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

PJG

II.   Discussion

   A.   **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases,[1] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Analysis

A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can show under the "savings clause" of § 2255(e) that a § 2255 habeas motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); see also Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (providing that if a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction). The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction, Rice, 617 F.3d at 807, and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Rouse v. Wilson, 584 F. App'x 76 (4th Cir. 2014) (finding that the district

court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an Armed Career Criminal Act ("ACCA") sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

In this case, Petitioner relies on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) (holding the residual clause of the ACCA is unconstitutionally vague), for relief. However, Johnson did not address the constitutionality of § 16(b)'s definition of crime of violence,[2] and even if it did, that would not affect Petitioner's culpability because § 16(b) only affected Petitioner's sentence, not his underlying conviction. Nor did Johnson decriminalize the conduct for which Petitioner was convicted, and therefore, under Fourth Circuit precedent he would be unable to satisfy § 2255's savings clause to seek relief under § 2241 based on Johnson's holding.

Because Petitioner is foreclosed from bringing a § 2241 habeas petition in this court to challenge his sentence, Petitioner's remedy, if any, appears to be to seek permission to file a § 2255 motion in the court in which he was sentenced by filing a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit. See 28 U.S.C.

---

[2] The substantive issue raised by Petitioner—whether § 16(b)'s definition of "crime of violence" is unconstitutional in light of Johnson—has been addressed by several Circuit Courts of Appeals. See Baptiste v. Attorney Gen., 841 F.3d 601 (3d Cir. Nov. 8, 2016) (collecting cases). Moreover, the Supreme Court granted certiorari to address this issue. See Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), cert. granted 137 S. Ct. 31 (2016).



§ 2255(h).  This case should be dismissed because this court lacks jurisdiction over Petition.  See Rice, 617 F.3d at 807.

**II.    Conclusion**

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 9, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).